Zelezny v. Birk Bros. Brew. Co. et al., 211 Ill. App. 282.

## Abstract of the Decision.

1. DIVORCE, § 134*—*what is ground for discontinuance of alimony*. A decree for the payment of alimony is properly changed so as to discontinue further monthly instalments where it appears that the wife is leading a life of prostitution.

2. DIVORCE, § 134*—*when validity of order discontinuing alimony may not be questioned*. A wife who consents in writing to an order of court discontinuing payment of future monthly instalments of alimony is precluded from questioning the validity of such order.

John V. Zelezny, Administrator, Appellant, v. Birk Brothers Brewing Company and Emanuel F. Napieralski, Appellees.

### Gen. No. 23,578.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed May 14, 1918.

## Statement of the Case.

Action by John V. Zelezny, administrator of the estate of Frank Brehovsky, deceased, plaintiff, against Birk Brothers Brewing Company, a corporation, and Emanuel F. Napieralski, defendants, to recover damages for the negligent death of said Brehovsky. From a judgment on a directed verdict in favor of both defendants, plaintiff appeals.

WALTER TRUE, for appellant; JAMES S. WIGHT, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FRANK M. COX and R. J. FELLINGHAM, for appellees.

MR. JUSTICE MCDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 195*—*when verdict for defendant should not be directed.* Where a motion to direct a verdict for a defendant is presented, the evidence most favorable to plaintiff must be considered as true, with all reasonable inferences that can be drawn therefrom, and if, from such evidence, standing alone, it can be reasonably said or inferred that it proves the material averments of the declaration, a verdict for the defendant should not be directed.

2. AUTOMOBILES AND GARAGES, § 3*—*when negligence of driver of automobile is question for jury.* In an action for the death of the driver of a hearse whose horses while standing in the street were alleged to have been frightened by the contributing negligence of two defendants whose machines approached the standing team from opposite directions, evidence that the machine of one of the defendants passed so close to the team as to scrape the tip of the pole presents a question for the jury as to the negligence of such defendant.

3. TRIAL, § 216*—*determination of rights of defendant as of time of motion for directed verdict.* Where a defendant elects to stand by its motion for a directed verdict in a negligence case made at the close of the plaintiff's case, its rights thereunder must be determined as of the time when the motion was made, notwithstanding a codefendant subsequently introduces evidence on his own behalf.

4. APPEAL AND ERROR, § 1793*—*when judgment reversed as to both defendants.* Where in an action against two defendants, one of the defendants, at the close of plaintiff's case, moved for a directed verdict and upon the denial of the motion elected to stand by its motion, and thereafter the court of its own motion directed a verdict in favor of both defendants during the argument to the jury, a decision on appeal that a verdict was improperly directed as to the other defendant requires a reversal as to both even though the motion for a directed verdict by the defendant at the close of plaintiff's case was improperly denied.

5. AUTOMOBILES AND GARAGES, § 3*—*when verdict should be directed in favor of defendant in action for death of hearse driver.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In an action for the death of the driver of a hearse whose horses while standing in the street were alleged to have been frightened by the contributing negligence of two defendants whose machines approached the standing team from opposite directions, plaintiff's evidence that the machine of one of the defendants was driven slowly on the proper side of the street coming to a stop shortly after the driver of the hearse signaled that his horses were frightened, *held* to require a directed verdict for such defendant.

Robert Schrayer, trading as M. Schrayer's Sons & Company, Appellee, v. C. Doering & Son, Appellant.

Gen. No. 23,591.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed and remanded. Opinion filed May 14, 1918.

## Statement of the Case.

Action by Robert Schrayer, trading as M. Schrayer's Sons & Company, plaintiff, against C. Doering & Son, a corporation, defendant, to recover for goods, wares and merchandise. From a judgment for $250.23 entered by default after defendant's affidavit of defense had been stricken from the files, defendant appeals.

BAKER & HOLDER, for appellant.

DAVID JETZINGER, for appellee.

MR. JUSTICE McDONALD delivered the opinion of the court.